90.     Defendants knowingly conspired with and assisted Premiere Holdings and its principals to convert the funds of Plaintiffs.  Plaintiffs invested monies with Premiere Holdings in investments with a guaranteed 72-hour liquidity representation.  Plaintiffs have been wrongfully denied the immediate possession of the funds invested.  Premiere Holdings and its principals commingled the invested funds and converted the funds invested to their private use and for their private benefit.  Defendants aided and abetted Premiere Holdings and its principals in an unauthorized and wrongful exercise of control over Plaintiffs assets in a manner that was inconsistent with their rights and in violation of the duties owed to Plaintiffs.

**NEGLIGENT MISREPRESENTATION**

91.     Plaintiffs repeat and reassert all preceding paragraphs as if fully set forth verbatim.

92.     Defendants actively participated and assisted Premiere Holdings in negligently misrepresenting material facts and negligently omitting material facts related to the investments and securities complained of herein.

**UNJUST ENRICHMENT**

93.     Plaintiffs repeat and reassert all preceding paragraphs as if fully set forth verbatim.

94.     Defendants, by and through their tortious conduct, have been unjustly enriched and should be disgorged of all monies received from Premiere Holdings and held responsible for all monies lost in the fraudulent investments that were promoted, offered, and sold by Defendants and Premiere Holdings.

## SECURING EXECUTION OF A DOCUMENT BY DECEPTION

95.   Plaintiffs repeat and reassert all preceding paragraphs as if fully set forth verbatim.

96.   Defendants, with intent to defraud or harm Plaintiffs, by deception, caused the signature and execution of documents affecting property and the pecuniary interest of Plaintiffs.   Furthermore, the value of the property and pecuniary interest of Plaintiffs was in excess of Two-Hundred Thousand Dollars ($200,000).

97.   Defendants entered into a conspiracy, common enterprise and common course of conduct and pursued such so as to both allow and participate in the deception, with intent to defraud or harm Plaintiffs, causing the signature and execution of documents affecting property and the pecuniary interest of Plaintiffs.   Each Defendant was a necessary, active, and substantial participant in the conspiracy, common enterprise, and common course of  conduct alleged herein.

98.   Defendants aided and abetted and rendered substantial assistance in the deception, with intent to defraud or harm Plaintiffs, causing the signature and execution of documents affecting property and the pecuniary interest of Plaintiffs.  Defendants knew or should have known that conduct surrounding the scheme was criminal or fraudulent and that they were assisting in the deception and the securing of execution of documents by deception.  Defendants furthered the deception by setting up and establishing the fraudulent scheme, providing false and misleading advertising and promotional materials, approving false and misleading seminar and talk show formats, engaging in conduct to conceal the fraudulent conduct

from the investors, regulatory agencies, and the public. Defendants conduct was done knowingly.

## MISAPPLICATION OF FIDUCIARY PROPERTY

99.   Plaintiffs repeat and reassert all preceding paragraphs as if fully set forth verbatim.

100.   Defendants intentionally, knowingly, or recklessly misapplied property, which they held as a fiduciary in a manner that involved substantial risk of loss to the Plaintiffs and to the persons for whose benefit the property was held.

101.   Defendants entered into a conspiracy, common enterprise and common course of conduct and pursued such so as to both allow and participate in the intentional, knowing, and reckless misapplication of property that was held by a fiduciary in a manner that involved substantial risk of loss to the Plaintiffs and to the persons for whose benefit the property was held.   Each Defendant was a necessary, active, and substantial participant in the conspiracy, common enterprise, and common course of conduct alleged herein.

102.   Defendants aided and abetted and rendered substantial assistance in the misapplication of property that was held by a fiduciary in a manner that involved substantial risk of loss to the Plaintiffs and to the persons for whose benefit the property was held.   Defendants knew or should have known that conduct surrounding the scheme was criminal or fraudulent and that they were assisting in the furtherance of the misapplication of property that was held by a fiduciary in a manner that involved substantial risk of loss to the Plaintiff and to the persons for whose benefit the property was held. Defendants conduct was done knowingly.

## ALTERNATIVE PLEADINGS

103.   The foregoing facts and theories are pled cumulatively and alternatively, with no election or waiver of rights or remedies.

## CONDITIONS PRECEDENT

104.   All conditions precedent to the filing of these claims have been performed or have occurred.

## DAMAGES

105.   As a result of Defendants' wrongful conduct, actions, omissions, and misrepresentations, Plaintiffs have suffered substantial actual and special damages substantially in excess of the minimum jurisdictional limits of this Court.

106.   As part of Plaintiffs' actual damages, Plaintiffs are entitled to recover exemplary damages.   Defendants' conduct was done fraudulently, knowingly, with actual awareness, malice and intent, or with such an entire want of care as to indicate that the acts and omissions in question were the result of conscious indifference to the rights and welfare of Plaintiffs.

107.   The wrongful conduct set out herein constitutes fraud and malice, willful acts of omissions, or gross negligence within the meaning of Sec. 41.003 of the TEX. CIV. PRAC. & REM. CODE. The wrongful conduct complained of herein violates Sec. 32.46, §32.45, and Chapter 31 of the Texas Penal Code.   Each Defendant is responsible for the conduct of others under Chapter 7, Texas Penal Code.

108.   Defendants are jointly and severally liable for the damages sustained by Plaintiffs.

109.   Because of the nature of the Causes of Action plead herein, and because of Defendants tortious conduct, Plaintiffs have been required to retain the services of

the undersigned and listed counsel and are entitled to reasonable and necessary attorneys' fees, for which they so plead.

110. Plaintiffs are entitled to prejudgment interest.

111. Plaintiffs invoke the doctrines of agency, conspiracy, joint enterprise or venture.

## JURY DEMAND

112. Plaintiffs demand a jury trial and give notice that they have paid the jury fee as required by TEX. R. CIV. P. RULE 216.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that each Defendant be served with citation and required to appear and answer herein and that after a trial by jury they recover:

a. Rescission of the transactions and return of the consideration plus interest and reasonable and necessary attorneys' fees;

b. All the actual damages proximately caused by the wrongful conduct complained of herein;

c. Such punitive and exemplary damages as are awarded by the jury;

d. Just and reasonable attorney's fees;

e. Expert witness fees;

f. Pre and post judgment interest;

g. Costs of suit;

h. Other such relief at law and equity for which they may be justly entitled.

Respectfully submitted,

MEHAFFY WEBER, P.C.
ATTORNEYS FOR PLAINTIFFS

By: _____
    ERNEST W. BOYD
    State Bar No. 00783694
    JEREMY STONE
    State Bar No. 24013577
    500 Dallas, Suite 1200
    Houston, Texas 77002
    Phone: (713) 655-1200
    Fax: (713) 655-0222

LAW OFFICES OF JOSEPH F. ARCHER, P.C.

JOSEPH F. ARCHER
State Bar No. 01292000
500 Dallas, Suite 3400
Houston, Texas 77002
Phone: (713) 654-7799
Fax: (713) 654-7814

LAW OFFICES OF ROBERT G. TAYLOR II, P.C.

ROBERT G. TAYLOR II
State Bar No. 19733000
JAMES C. FERRELL
State Bar No. 00785857
500 Dallas, Suite 3400
Houston, Texas 77002
Phone: (713) 654-7799
Fax: (713) 654-7814

ATTORNEYS FOR PLAINTIFFS

TABB

**04-3889**

Original
Adversary
Complaint



United States Courts
Southern District of Texas
FILED

MAY 2 9 2003

Michael N. Milby, Clerk

## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | **JURY DEMAND** |
| | § | |
| **PREMIERE HOLDINGS OF TEXAS** | § | **Jointly Administered under** |
| **L.P. D/B/A MONEY MORTGAGE LTD.** | § | **CASE NO. 01-40836-H2-11** |
| **D/B/A LAPIN & WIGGINTON LTD.** | § | |
| **MMCOA, LP,** | § | **CASE NO. 01-40837-H2-11** |
| **LAPIN & WIGGINTON FUNDING, LP** | § | **CASE NO. 01-40838-H3-11** |
| | § | |
| **DEBTORS** | § | **CHAPTER 11** |
| | § | |

| | | |
|---|---|---|
| **JOSEPH HILL, LIQUIDATING TORT** | § | |
| **TRUSTEE FOR THE PREMIERE** | § | |
| **HOLDINGS OF TEXAS L.P.** | § | |
| **CONSOLIDATED BANKRUPTCY ESTATE** | § | |
| | § | **03-3725** |
| **PLAINTIFF** | § | |
| | § | |
| **vs.** | § | **ADVERSARY NO. _____** |
| | § | |
| **MANN, FRANKFORT, STEIN & LIPP,** | § | |
| **ADVISORS, INC., MANN, FRANKFORT,** | § | |
| **STEIN & LIPP, CPAs, L.L.P., CENTERPRISE** | § | |
| **ADVISORS, INC., JACK LAPIN, JACK** | § | |
| **LAPIN, P.C., SCHLANGER MILLS, MAYER** | § | |
| **& SILVER, L.L.P., BULTER & BINION,** | § | |
| **L.L.P., and ANDREWS & KURTH, L.L.P.** | § | |
| | § | |
| **DEFENDANTS** | § | |

## ORIGINAL ADVERSARY COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Joseph M. Hill, Liquidating Tort Trustee for the Premiere Holdings of

Texas, L.P. consolidated bankruptcy estate, Trustee herein, and files this Original Petition and

shows the Court as follows:

## THE PARTIES

2.    Plaintiff, Joseph M. Hill, Trustee for the Premiere Holdings of Texas, L.P. consolidated bankruptcy estate, is a resident of Harris County, Texas (hereinafter referred to as "Trustee").

3.    Defendant, Mann, Frankfort, Stein & Lipp, Advisors, Inc., is a corporation with its principal offices and place of business at Twelve Greenway Plaza East, Houston, Texas 77046, and may be served with citation by serving its registered agent for service of process, CT Corporation System, 350 N. St Paul Street, Dallas, Texas 75201 by certified mail, return receipt requested.

4.    Defendant, Mann, Frankfort, Stein & Lipp, CPAs, L.L.P., is a limited liability corporation with its principal offices and place of business at Twelve Greenway Plaza East, Houston, Texas 77046, and may be served with citation by serving its registered agent for service of process, Milton Frankfort at Twelve Greenway Plaza East, Houston, Texas 77046 by certified mail, return receipt requested.

5.    Defendant, Centerprise Advisors, Inc., is a foreign corporation whose home office is located at 303 W. Madison Street, Suite 1100, Chicago, Illinois 60606, may be served with citation by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as its agent for service because Defendant engages in business in Texas but has not designated a resident agent for service of process here.

6.    The above-named Mann Frankfort entities (including Centerprise Advisors, Inc.) will hereinafter be referred to collectively as "Mann Frankfort."

2

7.   Defendant, Jack Lapin is a Texas Resident and may be served with citation by serving him at his usual place of business, 109 N. Post Oak Lane, Suite 300, Houston, Texas 77024, by certified mail, return receipt requested.

8.   Defendant, Jack Lapin,, P.C. is a professional corporation with its principal offices and place of business at 22 Willowend Dr., Houston, Texas 77024 and may be served with citation by serving its registered agent for service of process, Jack Lapin, 109 N. Post Oak Lane, Suite 300, Houston, Texas 77024 by certified mail, return receipt requested.

9.   Defendant, Schlanger Mills, Mayer & Silver, L.L.P. (Hereinafter "Schlanger Mills") is a domestic limited liability partnership with its principal offices and place of business at 109 North Post Oak Lane, Suite 300, Houston, Texas 77024, and may be served with citation by serving its managing partner, Lee D. Schlanger, 109 North Post Oak Lane, Suite 300, Houston, Texas 77024, by certified mail, return receipt requested.

10.  Defendant, Butler & Binion, L.L.P. is a domestic limited liability partnership and may be served with citation by serving Jack Lapin, 109 North Post Oak Lane, Suite 3900, Houston, Texas 77024, by certified mail, return receipt requested.

11.  Defendant, Andrews & Kurth, L.L.P. is a Texas Limited Liability Partnership and may be served with citation by serving its Managing Partner, Howard T. Ayers, at his usual place of business,  Andrews & Kurth L.L.P. 600 Travis, Suite 4200 Houston, TX 77002

12.  Schlanger Mills, Mayer & Silver, L.L.P., Butler & Binion, L.L.P., Jack Lapin, P.C., Jack Lapin, and Andrews & Kurth, L.L.P. are sometimes collectively called "Attorney Defendants."

3

## JURISDICTION

13.    This Court has jurisdiction of this action pursuant to 28 U.S.C. 1334(b). This is a proceeding arising under the United States Bankruptcy Code.  This is a core proceeding under 28 U.S.C. 157(b)(2)(A) and (E).  The statutory predicates and authority for the relief requested herein are sections 105(a), 541 (a)(1), (6) and (7) and 542 of the Bankruptcy Code and Bankruptcy Rules 7001, 7004, and 7065 and the Order Confirming Chapter 11 Trustee's Third Amended Joint Consolidated Plan of Liquidation Under Chapter 11 of the Bankruptcy Code [Docket No. 738].

## NATURE OF THE CASE

14.    This is an accounting malpractice and legal malpractice case brought by Trustee against Mann Frankfort, Premiere Holdings' accountants and management advisors; Schlanger, Mills, Mayer & Silver, L.L.P.;  Jack Lapin;  Jack Lapin, P.C.;  Butler & Binion; and, Andrews & Kurth, Premiere Holdings' attorneys.

15.    Joseph M. Hill was appointed Liquidating Tort Trustee pursuant to 11 U.S.C. $ 1123(b)(3)(B) and pursuant to the Chapter 11 Trustee's Third Amended and Joint Consolidated Plan of Liquidation under Chapter 11 of the Bankruptcy Code to prosecute causes of action for the benefit of the bankruptcy estate and its creditors.

## FACTS

16.    This case centers around the loss of millions of dollars by the bankruptcy estate as the result of the accounting malpractice of Mann Frankfort and the legal malpractice of Premiere Holdings' attorneys.

17.    David Lapin and Jeff Wigginton operated investment companies under various Lapin & Wigginton names ("Lapin & Wigginton").  Ted Russell Schwartz Murray operated a

4

mortgage company called Money Mortgage Corporation of America ("Money Mortgage").

18.     The Lapin & Wigginton companies did business with Money Mortgage funneling millions of their clients' dollars into sub-par mortgages. These companies ultimately merged and formed Premiere Holdings of Texas, L.L.C., later changed to Premiere Holdings of Texas, L.L.P. ("Premiere Holdings") and continued the business as Premiere Holdings.

19.     Premiere Holdings engaged Mann Frankfort to provide accounting services, auditing services, tax services, and management advisory services.

20.     Jack Lapin, Schlanger Mills, Butler & Binion and Andrews & Kurth provided comprehensive legal representation for Premiere Holdings including general business representation, tax counsel, consultation regarding advertising, and representation regarding securities and compliance with securities regulations.

21.     On October 2, 2001, Premiere Holdings and certain related entities filed for Bankruptcy Protection under Chapter 11 of the Bankruptcy Code. Joseph M. Hill was thereafter appointed Liquidating Tort Trustee.

## CAUSES OF ACTION (ACCOUNTANT DEFENDANT)

### NEGLIGENCE - CLAIM ONE (1998 Audit)

22.     Mann Frankfort violated the Texas State Board of Public Accountancy ("TSBPA") *Rules of Professional Conduct*; the American Institute of Certified Public Accountants ("AICPA") *Code of Professional Conduct*; and the Texas Society of Certified Public Accountant ("TSCPA") *Code of Professional Ethics,* which is comprised of both the TSBPA *Rules of Professional Conduct* and the AICPA Code of Professional Conduct.

23.     Mann Frankfort failed to act as reasonably prudent accountants regarding their obligation
to perform auditing services for Premiere Holdings predecessor, Money Mortgage, in
accordance with Generally Accepted Auditing Standards ("GAAS") and the scope of
work agreements relevant hereto; and their obligation to adhere to the Quality Control
Standards that relate to Mann Frankfort's conduct of their firm's audit practice as a
whole.

24.     Mann Frankfort either knew or, but for its reckless disregard of the truth, should have
known that Money Mortgage's financial statements departed from GAAP.

25.     Mann Frankfort also knew or, but for its reckless disregard of the truth, should have
known that its representation that it conducted the audits in accordance with GAAS was
false because Mann Frankfort failed to adhere to GAAS in the performance of the audits
of Money Mortgage's financial statements.

**NEGLIGENCE - CLAIM TWO (1999 Audit)**

26.     Mann Frankfort violated the Texas State Board of Public Accountancy ("TSBPA") *Rules
of Professional Conduct*; the American Institute of Certified Public Accountants
("AICPA") *Code of Professional Conduct*; and the Texas Society of Certified Public
Accountant ("TSCPA") *Code of Professional Ethics*, which is comprised of both the
TSBPA *Rules of Professional Conduct* and the AICPA Code of Professional Conduct.

27.     Mann Frankfort failed to act as reasonably prudent accountants regarding their obligation
to perform auditing services for Premiere Holdings in accordance with Generally
Accepted Auditing Standards ("GAAS") and the scope of work agreements relevant
hereto; and their obligation to adhere to the Quality Control Standards that relate to Mann
Frankfort's conduct of their firm's audit practice as a whole.

6

28.    Mann Frankfort either knew or, but for its reckless disregard of the truth, should have known that Premiere Holdings' financial statements departed from GAAP.

29.    Mann Frankfort also knew or, but for its reckless disregard of the truth, should have known that its representation that it conducted the audits in accordance with GAAS was false because Mann Frankfort failed to adhere to GAAS in the performance of the audit of Premiere Holdings' financial statements.

**NEGLIGENCE - CLAIM THREE (2000 Audit)**

30.    Mann Frankfort violated the Texas State Board of Public Accountancy ("TSBPA") *Rules of Professional Conduct*; the American Institute of Certified Public Accountants ("AICPA") *Code of Professional Conduct*; and the Texas Society of Certified Public Accountant ("TSCPA") *Code of Professional Ethics*, which is comprised of both the TSBPA *Rules of Professional Conduct* and the AICPA Code of Professional Conduct.

31.    Mann Frankfort failed to act as reasonably prudent accountants regarding their obligation to perform auditing services for Premiere Holdings in accordance with Generally Accepted Auditing Standards ("GAAS") and the scope of work agreements relevant hereto; and their obligation to adhere to the Quality Control Standards that relate to Mann Frankfort's conduct of their firm's audit practice as a whole.

32.    Mann Frankfort either knew or, but for its reckless disregard of the truth, should have known that Premiere Holdings' financial statements departed from GAAP.

33.    Mann Frankfort also knew or, but for its reckless disregard of the truth, should have known that its representation that it conducted the audits in accordance with GAAS was false because Mann Frankfort failed to adhere to GAAS in the performance of the audit of Premiere Holdings' financial statements.

7

**NEGLIGENCE - CLAIM FOUR (Formation of Premiere Holdings)**

34.   Mann Frankfort was engaged to provide comprehensive management advisory services related to the formation of the Lapin & Wigginton entities and Money Mortgage and failed to perform these professional services in accord with the principles and standards of their profession.

35.   Specifically, Mann Frankfort failed to address and consider the affects of the merger as related to securities laws and regulations and filings with regulatory agencies.

36.   Mann Frankfort failed to consult with appropriate professionals as to all issues related to the formation of the new entity.

37.   Mann Frankfort failed to act as reasonably prudent accountants in providing management advisory services related to the merger of the Lapin & Wigginton entities with Money Mortgage.

**NEGLIGENCE - CLAIM FIVE (Management Advisory Services)**

38.   Mann Frankfort was engaged to provide comprehensive management advisory services related to the business operations of Premiere Holdings and failed to perform these professional services in accord with the principles and standards of their profession.

39.   Mann Frankfort failed to consult with appropriate professionals as to all issues related to the business operations of Premiere Holdings.

40.   Mann Frankfort failed to act as reasonably prudent accountants in providing management advisory services to Premiere Holdings.

## CAUSES OF ACTION (ATTORNEY DEFENDANTS)

### LEGAL MALPRACTICE/NEGLIGENCE

41.　Attorney Defendants owed Premiere Holdings a duty to exercise the degree of care, skill and competence that a reasonably prudent lawyer would exercise under the same or similar circumstances.

42.　Attorney Defendants breached their professional duties to Premiere Holdings by negligently advising and counseling Premiere Holdings related to the operations of its business.

43.　Defendants breached their professional duties to Premiere Holdings by negligently advising and counseling the principals of Premiere Holdings related to the investment programs offered by Premiere Holdings.

44.　Defendants breached the duties owed to Premiere Holdings and these breaches were a proximate cause of damages to Trustee.

## PROXIMATE CAUSE

45.　The damages incurred by Trustee were a foreseeable consequence of the acts and omissions complained of herein.  These acts and omissions were a proximate cause of the damages sustained by Trustee.

## ALTERNATIVE PLEADINGS

46.　The foregoing facts and theories are pled cumulatively and alternatively, with no election or waiver of rights or remedies.

## CONDITIONS PRECEDENT

47.　All conditions precedent to the filing of these claims have been performed or have occurred.

9

## DAMAGES

48.     As a result of Defendants' wrongful conduct, actions, omissions, and misrepresentations, Trustee has suffered substantial actual and special damages substantially in excess of the minimum jurisdictional limits of this Court.

49.     Trustee is entitled to disgorgement of fees, costs of the bankruptcy, including, but not limited to, administrative costs, attorneys' fees, accounting fees, and other related expenses.

50.     Trustee is entitled to prejudgment interest.

WHEREFORE, PREMISES CONSIDERED, Trustee prays that Defendants be required to appear and answer herein and that after a trial Trustee recover:

a.     All the actual damages proximately caused by the wrongful conduct complained of herein;

b.     Fee disgorgement and costs of bankruptcy;

c.     Pre and post judgment interest;

d.     Costs of suit; and,

e.     Other such relief at law and equity for which they may be justly entitled.

10

Respectfully submitted,

MEHAFFY WEBER, P.C.

By: _____

ERNEST W. BOYD
Attorney-in-Charge
State Bar No. 00783694
Federal Bar No. 23211
JEREMY R. STONE
State Bar No. 24013577
500 Dallas, Suite 1200
Houston, Texas 77002
Phone: (713) 655-1200
Fax: (713) 655-0222

ATTORNEY-IN-CHARGE FOR
JOSEPH HILL, LIQUIDATING
TORT TRUSTEE FOR THE PREMIERE
HOLDINGS OF TEXAS L.P.
CONSOLIDATED BANKRUPTCY
ESTATE

LAW OFFICES OF ROBERT G. TAYLOR, II, P.C.

ROBERT G. TAYLOR, II
State Bar No. 19733000
JAMES C. FERRELL
State Bar No. 00785857
500 Dallas, Suite 3400
Houston, Texas 77002
Phone: (713) 654-7799
Fax: (713) 654-7814

LAW OFFICES OF JOSEPH F. ARCHER, P.C.

JOSEPH F. ARCHER
State Bar No. 01292000
500 Dallas, Suite 3400
Houston, Texas 77002
Phone: (713) 654-7799
Fax: (713) 654-7814

11

CAGE, HILL & NIEHAUS

MICHAEL DUNCAN
State Bar No. 06218700
5851 San Felipe, Suite 950
Houston, Texas 77057
Phone: (713)789-0500
Fax: (713)974-0344

12

**B104**
(Rev. 2/92)

# ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

ADVERSARY PROCEEDING NUMBER
(Court Use Only)

**PLAINTIFFS**

Joseph Hill, Liquidating Trust Trustee for the Premiere Holdings of Texas L.P. Consolidated Bankruptcy Estate

**DEFENDANTS**

Mann, Frankfort, Stein & Lipp Advisors, Inc. Mann, Frankfort Stein & Lipp, CPA's LLP, Centerprise Advisors, Inc., Jack Lapin, Jack Lapin, P.C., Schlanger Mills, Mayer & Silver LLP, Butler + Binion L.L.P, + Andrews & Kurth, L.L.P.

**ATTORNEYS** (Firm Name, Address, and Telephone No.)
McHatty & Weber  713-655-1200
Robert G Taylor, II, P.C  713-654-7799
Joseph F Archer, P.C. 713-654-7799

**ATTORNEYS** (If Known)

**PARTY** (Check one box only)  ☐ 1 U.S. PLAINTIFF  ☐ 2 U.S. DEFENDANT  ☒ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Accounting Malpractice + Legal Malpractice brought by Trustee

# 03-3725

## NATURE OF SUIT
(Check the one most appropriate box only.)

☒ 454 To recover money or property

☐ 435 To determine validity, priority, or extent of a lien or other interest in property

☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property

☐ 424 To object or to revoke a discharge 11 U.S.C. § 727

☐ 455 To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan

☐ 426 To determine the dischargeability of a debt 11 U.S.C. § 523

☐ 434 To obtain an injunction or other equitable relief

☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan

☐ 456 To obtain a declaratory judgment relating to any of the foregoing of action

☐ 459 To determine a claim or cause of action removed to a bankruptcy court

☐ 498 Other (specify)

**ORIGIN OF PROCEEDINGS** (Check one box only.)
☒ 1 Original Proceeding
☐ 2 Removed Proceeding
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another Bankruptcy Court
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND** NEAREST THOUSAND $ 150,000,000.00

OTHER RELIEF SOUGHT

☒ JURY DEMAND

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

NAME OF DEBTOR  Premier Holdings of Texas L.P.

BANKRUPTCY CASE NO.  Case No. 01-40536 H2-11

DISTRICT IN WHICH CASE IS PENDING  Southern

DIVISIONAL OFFICE  Houston

NAME OF JUDGE  Steen

## RELATED ADVERSARY PROCEEDING (IF ANY)

PLAINTIFF

DEFENDANT

ADVERSARY PROCEEDING NO.

DISTRICT

DIVISIONAL OFFICE

NAME OF JUDGE

**FILING FEE** (Check one box only.)  ☒ FEE ATTACHED  ☐ FEE NOT REQUIRED  ☐ FEE IS DEFERRED

DATE  5-29-03

PRINT NAME  Ernest Boyd

SIGNATURE OF ATTORNEY (OR PLAINTIFF)  Ernest Boyd

**United States Bankruptcy Court**
**Southern District of Texas**

IN RE:                                                                      Case No. _____

Clark Stewart M. & Clark, Dollie J. _____          Chapter **7** _____
                          Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ **1,300.00**

   Prior to the filing of this statement I have received . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ **300.00**

   Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ **1,000.00**

2. The source of the compensation paid to me was: ☑ Debtor  ☐ Other (specify):

3. The source of compensation to be paid to me is: ☑ Debtor  ☐ Other (specify):

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. ~~Representation of the debtor in adversary proceedings and other contested bankruptcy matters;~~
   e. [Other provisions as needed]

6. By agreement with the debtor(s), the above disclosed fee does not include the following services:

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

_____April 28, 2003_____          _/s/ Jason Hawks_____
                Date                                            Signature of Attorney

                                             **HAWKS LAW FIRM Jason Hawks, Attorney At Law**
                                                          Name of Law Firm

DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

## UNITED STATES BANKRUPTCY COURT

## NOTICE TO INDIVIDUAL CONSUMER DEBTOR

The purpose of this notice is to acquaint you with the four chapters of the federal Bankruptcy Code under which you may file a bankruptcy petition. The bankruptcy law is complicated and not easily described. Therefore, you should seek the advice of an attorney to learn of your rights and responsibilities under the law should you decide to file a petition with the court. Neither the judge nor the court's employees may provide you with legal advice.

### Chapter 7: Liquidation ($155 filing fee plus $30 administrative fee plus $15 trustee surcharge)*

1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts.

2. Under Chapter 7 a trustee takes possession of all your property. You may claim certain of your property as exempt under governing law. The trustee then liquidates the property and uses the proceeds to pay your creditors according to priorities of the Bankruptcy Code.

3. The purpose of filing a Chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, your discharge may be denied by the court, and the purpose for which you filed the bankruptcy petition will be defeated.

4. Even if you receive a discharge, there are some debts that are not discharged under the law. Therefore, you may still be responsible for such debts as certain taxes and student loans, alimony and support payments, criminal restitution, and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs.

5. Under certain circumstances you may keep property that you have purchased subject to a valid security interest. Your attorney can explain the options that are available to you.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($155 filing fee plus $30 administrative fee)*

1. Chapter 13 is designed for individuals with regular income who are temporarily unable to pay their debts but would like to pay them in installments over a period of time. You are only eligible for Chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2. Under Chapter 13 you must file a plan with the court to repay your creditors all or part of the money that you owe them, using your future earnings. Usually the period allowed by the court to repay your debts is three years, but not more than five years. Your plan must be approved by the court before it can take effect.

3. Under Chapter 13, unlike Chapter 7, you may keep all your property, both exempt and non-exempt, as long as you continue to make payments under the plan.

4. After completion of payments under your plan, your debts are discharged except alimony and support payments, student loans, certain debts including criminal fines and restitution and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs, and long term secured obligations.

### Chapter 11: Reorganization ($800 filing fee plus $30 administrative fee)*

Chapter 11 is designed primarily for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision for an individual to file a Chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer ($200 filing fee plus $30 administrative fee)*

Chapter 12 is designed to permit family farmers to repay their debts over a period of time from future earnings and is in many ways similar to a Chapter 13. The eligibility requirements are restrictive, limiting its use to those who income arises primarily from a family owned farm.

* Fees are subject to change and should be confirmed before filing.

## ACKNOWLEDGEMENT

I, the debtor, affirm that I have read this notice.

_____
Case Number

| | | |
|---|---|---|
| **April 28, 2003** | **/s/ Stewart M. Clark** | **/s/ Dollie Clark** |
| Date | Stewart M. Clark    Debtor | Dollie Clark    Joint Debtor, if any |

**INSTRUCTIONS:** If the debtor is an individual, a copy of this notice personally signed by the debtor must accompany any bankruptcy petition filed with the Clerk. If filed by joint debtors, the notice must be personally signed by each. Failure to comply may result in the petition not being accepted for filing.

NOTICE TO INDIVIDUAL CONSUMER DEBTOR

© 1993-2003 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

(Official Form 1) (12/02)

| FORM B1 | | |
|---|---|---|
| **United States Bankruptcy Court**<br>**Southern District of Texas** | | **Voluntary Petition** |

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Clark Stewart M.** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**Clark, Dollie J.** |
|---|---|
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |
| Soc. Sec./Tax I.D. No. (if more than one, state all):<br>**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** | Soc. Sec./Tax I.D. No. (if more than one, state all):<br>**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** |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**5610 Arenas Timbers**<br>**Humble, TX  77346** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code):<br>**5610 Arenas Timbers**<br>**Humble, TX  77346** |
| County of Residence or of the<br>Principal Place of Business:   **Harris** | County of Residence or of the<br>Principal Place of Business:   **Harris** |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |

| Location of Principal Assets of Business Debtor<br>(if different from street address above): |
|---|

## Information Regarding the Debtor (Check the Applicable Boxes)

**Venue** (Check any applicable box)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| Type of Debtor (Check all boxes that apply) | | Chapter or Section of Bankruptcy Code Under Which<br>the Petition is Filed (Check on box) |
|---|---|---|
| ☑ Individual(s)   ☐ Railroad<br>☐ Corporation   ☐ Stockbroker<br>☐ Partnership   ☐ Commodity Broker<br>☐ Other _____   ☐ Clearing Bank | | ☑ Chapter 7   ☐ Chapter 11   ☐ Chapter 13<br>☐ Chapter 9   ☐ Chapter 12<br>☐ Sec. 304 - Case ancillary to foreign proceeding |
| **Nature of Debts** (Check one box)<br>☑ Consumer/Non-Business   ☐ Business | | **Filing Fee** (Check one box)<br>☑ Full Filing Fee attached<br>☐ Filing Fee to be paid in installments (applicable to individuals only)<br> Must attach signed application for the court's consideration<br> certifying that the debtor is unable to pay fee except in installments.<br> Rule 1006(b). See Official Form No. 3. |
| **Chapter 11 Small Business** (Check all boxes that apply)<br>☐ Debtor is a small business as defined in 11 U.S.C. § 101<br>☐ Debtor is and elects to be considered a small business under<br> 11 U.S.C. § 1121(e) (Optional) | | |

**Statistical/Administrative Information** (Estimates only)

☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

| Estimated Number of Creditors | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|---|
| | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |

| Estimated Assets | $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
|---|---|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Debts | $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
|---|---|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |

© 1993-2003 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

(Official Form 1) (12/02)                                                                                                    FORM B1, Page 2

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Clark Stewart M. & Clark, Dollie J.** |
|---|---|

| **Prior Bankruptcy Case Filed Within Last 6 Years** (If more than one, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed: **None** | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**None** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

## Signatures

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under Chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United State Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X */s/ Stewart M. Clark*
Signature of Debtor                                                        **Stewart M. Clark**

X */s/ Dollie Clark*
Signature of Joint Debtor                                                **Dollie Clark**

Telephone Number (If not represented by attorney)

**April 28, 2003**
Date

**Signature of Attorney**

X */s/ Jason Hawks*
Signature of Attorney for Debtor(s)

**Jason Hawks 24004695**
Printed Name of Attorney for Debtor(s)

**HAWKS LAW FIRM Jason Hawks, Attorney At Law**
Firm Name

**PO Box 1729**
Address

**Tomball, TX  77377-1729**

**(281) 251-3198**
Telephone Number

**April 28, 2003**
Date

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

**Exhibit A**
(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☐ Exhibit A is attached and made a part of this petition.

**Exhibit B**
(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X */s/ Jason Hawks*                                              **4/28/03**
Signature of Attorney for Debtor(s)                              Date

**Exhibit C**
Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.
☑ No

**Signature of Non-Attorney Petition Preparer**

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X _____
Signature of Bankruptcy Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.

© 1993-2003 EZ-filing, Inc. [1-800-998-2424] - Forms Software Only

**United States Bankruptcy Court**
**Southern District of Texas**

IN RE:                                                          Case No. _____

Clark Stewart M. & Clark, Dollie J.                            Chapter **7** _____
                        Debtor(s)

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NUMBER OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 124,000.00 | | |
| B - Personal Property | Yes | 3 | 84,566.00 | | |
| C - Property Claimed as Exempt | Yes | 2 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 142,233.36 | |
| E - Creditors Holding Unsecured Priority Claims | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 3 | | 28,740.48 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 5,274.94 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | 5,234.12 |
| Total Number of Sheets in Schedules | | 16 | | | |
| Total Assets | | | 208,566.00 | | |
| Total Liabilities | | | | 170,973.84 | |

© 1993-2003 EZ-Filing, Inc [1-800-998-2424] - Forms Software Only

IN RE Clark Stewart M. & Clark, Dollie J.                                    Case No. _____

_____Debtor(s)_____

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an "H" for Husband, "W" for Wife, "J" for Joint, or "C" for Community in the column labeled "HWJC." If the debtor holds no interest in real property, write "None" under "Description and Location of Property".

Do not include interests in executory contracts and unexpired leases on the schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a security interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim".

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | H W J C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| Homestead of debtors described as a 4 bedroom, 2 1/2 bath, 2 car garage, 2 story, 2,400 sq. ft. homestead located at 5610 Arenas Timbers, Humble, Harris County, Texas 77346. | GWD w/ Vendor's lien | C | 124,000.00 | 106,843.00 |
| | | TOTAL | 124,000.00 | |

(Report also on Summary of Schedules)

SCHEDULE A - REAL PROPERTY

© 1993-2003 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE Clark Stewart M. & Clark, Dollie J. _____ Case No. _____
Debtor(s)

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None". If additional space is needed in any category, attached a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own the property by placing an "H" for Husband, "W" for Wife, "J" for Joint, or "C" for Community in the column labeled "HWJC." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions only in Schedule C - Property Claimed as Exempt.

Do not include interests in executory contracts and unexpired leases on the schedule. List them in Schedule G - Executory Contracts and Unexpired Leased.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property".

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Debtor's bank account at First Educator's Credit Union - Acct # 8009116 | C | 300.00 |
| | | Debtor's checking account - Compass Bank - Acct # 83168943 | C | 100.00 |
| | | Saving's account set up for child - Acct # 34700380997 | C | 100.00 |
| | | Savings account set up for child - Acct # 21011700 | C | 100.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, include audio, video, and computer equipment. | | home personal computer & equipment | C | 1,400.00 |
| | | household accessories: picture frames, trinkets, photos | C | 500.00 |
| | | household electronics as follows: 2 VCR's, 1 DVD player, 1 Stereo | C | 500.00 |
| | | household furniture as follows: 1 kingsize bed, dresser, chest, 1 breakfast set, 1 queen mattress, 1 full size bed, entertainment center, 3 TV sets, curios | C | 750.00 |
| | | Household furniture of debtors, described as a formal dining room set, living room furniture (couch, chair, end tables) | C | 5,500.00 |
| | | kitchen eating utensils, plates, bowls, cups, glasses, cooking utensiles, pots, and pans | C | 500.00 |
| | | linens to include bed, bath, & kitchen linens | C | 200.00 |
| | | misc. hand tools | C | 500.00 |
| | | outdoor hot tub | C | 5,500.00 |
| | | outdoor lawn equipment, including 1 lawn mower, 1 weed-eater, 1 electric tree saw | C | 200.00 |
| | | Refrigerator | C | 600.00 |
| | | various kitchen small appliances | C | 250.00 |
| | | Washer & Dryer set | C | 500.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | misc. personal clothing of debtors | C | 2,735.00 |
| 7. Furs and jewelry. | | jewelry of debtors as follows: wedding rings (his & hers), bracelet | C | 2,500.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | | 4 bicycles | C | 200.00 |
| 9. Interest in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issue. | X | | | |

SCHEDULE B - PERSONAL PROPERTY

© 1993-2003 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE Clark Stewart M. & Clark, Dollie J. _____    Case No. _____
                              Debtor(s)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | | Debtor's retirement 401k account # 650173 through CDI Engineering. | C | 33,000.00 |
| | | Debtor's retirment account with ACCT # 092052 - managed by Vanguard - PO Box 1101; Valley Forge, PA  19482 | C | 406.00 |
| | | debtor's Roth IRA with Acct # 133202773 - Contact:  Roth IRA, PO Box 9662; Providence, RI  02940 | C | 7,000.00 |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 13. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 14. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 15. Accounts receivable. | X | | | |
| 16. Alimony, maintenance, support, and property settlements in which the debtor is or may be entitled. Give particulars. | X | | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 18. Equitable or future interest, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 19. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | | 1999 Ford Windstar | C | 14,150.00 |
| | | 2000 Ford F-150 truck | C | 7,075.00 |
| 24. Boats, motors, and accessories. | X | | | |
| 25. Aircraft and accessories. | X | | | |
| 26. Office equipment, furnishings, and supplies. | X | | | |
| 27. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 28. Inventory. | X | | | |
| 29. Animals. | X | | | |
| 30. Crops - growing or harvested. Give particulars. | X | | | |

© 1993-2003 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

SCHEDULE B - PERSONAL PROPERTY

IN RE Clark Stewart M. & Clark, Dollie J. _____   Case No. _____
                          Debtor(s)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 31.  Farming equipment and implements. | X | | | |
| 32.  Farm supplies, chemicals, and feed. | X | | | |
| 33.  Other personal property of any kind not already listed. Itemize. | X | | | |
| | | | TOTAL | 84,566.00 |

_____ **0** continuation sheets attached

(Include amounts from any continuation sheets attached.
Report total also on Summary of Schedules.)

SCHEDULE B - PERSONAL PROPERTY

© 1993-2003 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

PCL XL error

       Subsystem:  KERNEL

       Error:      IllegalTag

       Operator:   0x82

       Position:   126721

# U.S. Bankruptcy Court
## Southern District of Texas (Houston)
### Adversary Proceeding #: 03-03725

*Assigned to:* Wesley W. Steen
*Related BK Case:* 01-40836
*Related BK Title:* Premiere Holdings of Texas LP and
MMCOA LP                                              *Date Filed:* 05/29/03
*Demand:* $150000
*Nature of Suit:* 454


**Plaintiff**
-----------------------

**Joseph Hill,** *Liquidating Tort Trustee for the Premiere Holdings of*                    **Ernest Boyd**
*Texas L.P. Consolidated Bankruptcy Estate*                                                  Mehaffy &
                                                                                             Weber
                                                        represented   500 Dallas
                                                        by            Ste 1200
                                                                     Houston, TX
                                                                     77002

V.

**Defendant**
-----------------------

**Mann, Frankfort, Stein & Lipp, Advisors, Inc**

**Mann, Frankfort, Stein & Lipp, CPAs L.L.P**

**Centerprise Advisors, Inc.**

**Jack Lapin**

**Jack Lapin, P.C.**

**Schlanger Mills**

**Mayer & Silver, L.L.P**

**Butler & Binion, L.L.P**

**Andrews & Kurth, L.L.P.**

| Filing Date | # | Docket Text |
|---|---|---|
| 05/29/2003 | 1 | 454 (Recover Money/Property): Complaint by Joseph Hill against Mann, Frankfort, Stein & Lipp, Advisors, Inc. Receipt Number O, Fee Amount $150. (ncav, ) Additional attachment(s) added on 5/30/2003 (jrey, ). (Entered: 05/29/2003) |
|  |  |  |

| | | |
|---|---|---|
| 05/29/2003 | | Receipt Number 895633, Fee Amount $150.00. (related document(s)1). (kngu, ) (Entered: 05/29/2003) |
| 06/10/2003 | 2 | Order for Conference Signed on 6/10/2003 (related document(s)1). Pre-Trial Conference set for 7/24/2003 at 02:00 PM at Houston, Courtroom 400 (WWS). (jell, ) (Entered: 06/10/2003) |

## U.S. Bankruptcy Court
### Southern District of Texas (Houston)
### Adversary Proceeding #: 03-03725

*Assigned to:* Wesley W. Steen
*Related BK Case:* 01-40836
*Related BK Title:* Premiere Holdings of Texas LP and
MMCOA LP                                           *Date Filed:* 05/29/03
*Demand:* $150000
*Nature of Suit:* 454

**Plaintiff**

--------------------------

**Joseph Hill,** *Liquidating Tort Trustee for the Premiere Holdings of*          **Ernest Boyd**
*Texas L.P. Consolidated Bankruptcy Estate*                                       Mehaffy &
                                                                                  Weber
                                                              represented         500 Dallas
                                                                      by          Ste 1200
                                                                                  Houston, TX
                                                                                  77002

V.

**Defendant**

--------------------------

**Mann, Frankfort, Stein & Lipp, Advisors, Inc**

**Mann, Frankfort, Stein & Lipp, CPAs L.L.P**

**Centerprise Advisors, Inc.**

**Jack Lapin**

**Jack Lapin, P.C.**

**Schlanger Mills**

**Mayer & Silver, L.L.P**

**Butler & Binion, L.L.P**

**Andrews & Kurth, L.L.P.**

| Filing Date | # | Docket Text |
|---|---|---|
| 05/29/2003 | 1 | 454 (Recover Money/Property): Complaint by Joseph Hill against Mann, Frankfort, Stein & Lipp, Advisors, Inc. Receipt Number O, Fee Amount $150. (ncav, ) Additional attachment(s) added on 5/30/2003 (jrey, ). (Entered: 05/29/2003) |
| | | |

| 05/29/2003 |   | Receipt Number 895633, Fee Amount $150.00. (related document(s)1). (kngu, ) (Entered: 05/29/2003) |
|---|---|---|
| 06/10/2003 | 2 | Order for Conference Signed on 6/10/2003 (related document(s)1). Pre-Trial Conference set for 7/24/2003 at 02:00 PM at Houston, Courtroom 400 (WWS). (jell, ) (Entered: 06/10/2003) |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

JUL 0 1 2004

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| IN RE: | § | |
| PREMIERE HOLDINGS OF TEXAS, LP, | § | CASE NO. 01-40826-H2-11 |
|     Debtor | § | |
| | § | |
| _____ | § | |
| | § | |
| CAREBEAR LTD., *ET AL.*, | § | |
|     Plaintiffs | § | |
| | § | |
| VS. | § | ADVERSARY NO. 03-3957 |
| | § | |
| MANN, FRANKFORT, STEIN & LIPP PC, | § | |
| *ET AL.*, | § | **H 04 -2558** |
|     Defendants | § | |

## ORDER WITHDRAWING REFERENCE

The reference is WITHDRAWN in Case No. 03-3957.

SIGNED *June 30, 2004*

FAX  FROM:713-250-5441 USDC-SDTX      9-713-654-6670    PAGE: 1 OF 2     CONTROL: #019901-CV

# UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS

**MICHAEL N. MILBY**
CLERK OF COURT
P.O BOX 61010
HOUSTON, TEXAS 77208

www.txs.uscourts.gov

07/01/04

To:  Stephen D Susman (aty)

Re:  Notice of Entry of Order or Judgment

_____

Enclosed Order or Judgment entered in:

case number:    4:04-cv-02558

instrument number: 1

If after three attempts this fax fails, then we will print this notice and mail it to you.  For questions, please call (713) 250-5768.

Number of pages including cover sheet:   2

TAb C

**04-3889**

Trustee's
Brief

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 01-40836-H2-11 |
| | § | JOINTLY ADMINISTERED |
| PREMIERE HOLDINGS OF TEXAS, LP,§ | | |
| DBA MONEY MORTGAGE, LTD., | § | CASE NO. 01-40837-H2-11 |
| DBA LAPIN & WIGGINTON, LTD., | § | CASE NO. 01-40838-H2-11 |
| MMCOA, LP, AND | § | |
| LAPIN & WIGGINTON FUNDING, LP. | § | (Chapter 11) |
| | § | |
| DEBTOR | § | |
| | § | |

TRUSTEE'S BRIEF IN SUPPORT OF JOINT MOTION FOR ORDER APPROVING
COMPROMISE WITH JACK LAPIN, JACK LAPIN, P.C., SCHLANGER, MILLS,
MAYER & SILVER, L.L.P., BUTLER & BINION, L.L.P. AND TREY BERGMAN

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Joseph M. Hill, Liquidating Tort Trustee ("Trustee") and files this his Brief

in Support of the Joint Motion for Order Approving Compromise with Jack Lapin, Jack Lapin, P.C.,

Schlanger, Mills, Mayer & Silver, L.L.P., Butler & Binion, L.L.P. and Trey Bergman, and in support

thereof would show the Court the following:

## I. BACKGROUND

1.      As more fully stated in the Joint Motion to Compromise, a final Settlement and

Release Agreement (the "Agreement") has been negotiated among (a) the Trustee, (b) investors who

are also plaintiffs as described in the motion to approve compromise ("Plaintiff/Investors") and (c)

Jack Lapin, Jack Lapin, P.C., Schlanger, Mills, Mayer & Silver, L.L.P., Butler & Binion, L.L.P. and

Trey Bergman (the "Settling Defendants").  In addition to other provisions not relevant here, the

Agreement provides that the Trustee shall seek entry by the Bankruptcy Court of an Order (a)

conditioning Plaintiff/Investors' and other investors' receipt of any of the settlement consideration

paid under the Agreement upon their executing a counterpart of the Agreement and (b) as to any non-signing Plaintiff/Investor or other investor, after notice and hearing, releasing, acquitting and forever discharging the Settling Defendants, all past, present and future partners, principals, shareholders, associates and employees of the Settling Defendants, their predecessors, representatives, affiliates, insurance companies and agents, attorneys, successors, and assigns, and any and all other entities and persons in privity with them from all claims, demands, debts, liabilities, and causes of action, known or unknown, past, present or future, asserted or unasserted, accrued or unaccrued, arising out of, or related to the claims that were brought or could have been brought by all investors in or through Lapin & Wigginton Asset Management, Inc., Lapin & Wigginton Funding, Inc., Lapin & Wigginton Funding, L.P., Money Mortgage Corporation of America, MMCOA, L.P., Premiere Holdings of Texas, L.L.C., and Premiere Holdings of Texas, L.P. d/b/a Money Mortgage, Ltd. d/b/a Lapin & Wigginton, Ltd., or any of their related or affiliated entities, including but not limited to those who have filed proofs of claim in the above referenced Chapter 11 Case (collectively "Investors").

2.      The Trustee asserts that the Investors' asserted and potential claims against the Settling Defendants sufficiently touch "property of the estate" that, in light of the Agreement, and to effectuate the Agreement, this Court can, and should, declare the Investors' claims against the Settling Defendants to be released and any post-Agreement assertion of such claims to be enjoined. All Investors are beneficiaries of the Agreement. As the result of the Agreement and upon signing the Agreement, all Investors will receive a dividend from the Debtors' estate, under the auspices of the Trustee, as the estate's representative. A condition for those benefits and dividend to be made available to the Investors is the relief requested in this motion. The Trustee moves this Court to order that all claims and causes of action being asserted or that could be asserted by Investors against

2

)                                          )

the Settling Defendants are fully and finally released and enjoined.

### DISCUSSION

3.      The issue to be decided is one of law only.  There are no material facts in dispute with

regard to the nature and extent of the Investors' asserted or unasserted claims, or the nature and

extent of the claims held by the Trustee.  Assuming this Court approves the Agreement, this Court

need only determine on this motion as a matter of law whether the Investors' claims against the

Settling Defendants reach "property of the estate."  Based on the settled law, and in light of the most

fundamental purposes of the Bankruptcy Code and this Court's jurisdiction, the Trustee submits the

Investors' claims do sufficiently touch "property of the estate" to support the relief requested here.

4.      Relevant authorities that clearly support the relief requested here include *SEC v.*

*Sharp Capital, Inc.*, 315 F.3d 541 (5th Cir. 2003), *Matter of S.I. Acquisition, Inc.*, 817 F.2d 1142 (5th

Cir. 1987), and *In re Mortgage America, Corp.*, 714 F.2d 1266 (5th Cir.1983).

5.      In *Sharp*, the Securities and Exchange Commission ("SEC") sued Sharp Capital, Inc.

("Sharp"), Sharp's principal, and Emerging Markets Capital Advisors, Ltd. ("EMCA") for allegedly

defrauding numerous investors.  Sharp was an investment advisory company that entered into

numerous investment advisory agreements with over 130 Mexican nationals who invested

approximately $82 million.  Allegedly contrary to promises of safe investments, Sharp used the

investors' money to buy highly leveraged instruments in volatile emerging markets such as Russia

and Latin America.  In addition, Sharp pooled the investors' funds with those of EMCA, a Bahamian

corporation, and used them to make substandard loans to entities affiliated with Grupo Protexa, a

group of Mexican companies and others.  By the time the SEC stepped in, Sharp had lost about 95%

of the investors' money.

3